NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2549

DONALD B. JONES,
Appellant

v.

PPG INDUSTRIES, INC.

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:07-cv-01537)
District Judge: Honorable Arthur J. Schwab

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2010

Before:  RENDELL, FISHER and GARTH, Circuit Judges.

(Filed: September 15, 2010)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Donald Jones appeals from an adverse ruling by an Arbitrator resulting from a

nine-day arbitration hearing on Jones's claims that PPG Industries, Inc. discriminated

against him based on his age and his race, and retaliated against him for his efforts to seek

redress for its discriminatory actions. Jones's claims were arbitrated pursuant to a mandatory arbitration program adopted by PPG for all claims arising out of the employment relationship. Following the arbitration opinion and award, Jones filed a motion to vacate the award pursuant to 9 U.S.C. § 10, and PPG sought to have it confirmed pursuant to 9 U.S.C. § 9. The District Court confirmed the Arbitrator's award and entered judgment in favor of PPG. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

Jones raises two issues on appeal, both of which turn on the absence in the record of documentary evidence, some of which Jones believes should have been in PPG's files, and some of which the Arbitrator agreed had been in the files but was no longer there. Jones does not level any other attack on the opinion or award.

Specifically, Jones asserted before the District Court, and repeats on appeal, that there must have been emails and inter-office correspondence within PPG regarding the events complained of that have not been produced, and have thus been destroyed by PPG. He offered no specific proof as to the existence of such documented communications at a prior time that would support his spoliation claim. However, there is one specific file - the investigatory file - that did exist, and was missing as the time of the arbitration. The Arbitrator drew an adverse inference based on the disappearance of this file but determined nonetheless that "even with this favorable adverse inference, considering all the evidence as a whole, Jones has not demonstrated that PPG unlawfully discriminated

2

or retaliated against him." App. 45.

Jones urges (1) that the Arbitrator's holding of no discrimination is "logically unreconcilable" with his imposition of an adverse discrimination inference against Appellees as a sanction for spoliation of evidence, which holding amounts to a manifest disregard of the law and/or fact, and (2) that the District Court's confirmation of the flawed award is reversible error.

Our review of a district court's order confirming an award is *de novo*, where, as here, the attack is based on law, rather than facts. *Century Indem. Co. v. Certain Underwriters at Lloyd's, London, Subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646*, 584 F.3d 513, 521 (3d Cir. 2009). We essentially stand in the shoes of the district court in determining whether the appellants were entitled to have the award vacated under the Federal Arbitration Act ("FAA"). *Mut. Fire, Marine & Inland Ins. Co. v. Norad Reinsurance. Co.*, 868 F.2d 52, 56 (3d Cir. 1989). The ability of a court to vacate an arbitration award is extremely limited under the relevant statutory framework, to the following:

> **(1)** where the award was procured by corruption, fraud, or undue means;
>
> **(2)** where there was evident partiality or corruption in the arbitrators, or either of them;
>
> **(3)** where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

3

**(4)** where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(1)

Arbitration awards are entitled to "extreme[] deferen[ce]," *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003), and a party seeking to vacate an arbitration award must clear a "high hurdle," *Stolt-Nielson S.A. v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758, 1767 (2010). A court must enforce an arbitration award unless there is "absolutely no support at all in the record justifying the arbitrator's determinations." *United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995).

The Arbitrator here heard testimony over nine days and considered 74 exhibits, resulting in a 1974 page transcript. The Arbitrator then issued a 44-page opinion detailing his findings as to the evidence, and as to his view of Jones's allegations of spoliation regarding missing documents. The former spanned 36 pages of the opinion, in which the Arbitrator addressed each of Jones's contentions as to discrimination and retaliatory conduct on the part of PPG. The latter is addressed in the remaining pages, with the Arbitrator concluding that:

- There was no credible evidence that there were other emails that existed in the first place, so one could not conclude that they were not preserved, or were destroyed.

4

- With respect to the investigator's file, the evidence supported the inference that the file was lost or misplaced, but there was no excuse for management's losing the file, especially once litigation had started.

Accordingly, the Arbitrator "sanction[ed] PPG by finding an adverse inference that there was information in that file which would have actually assisted Jones in carrying his burden of proof in this case." App. 45. However, as noted above, the Arbitrator concluded that, even with this inference, given the record evidence adduced at the hearing, Jones had not demonstrated unlawful discrimination or retaliation.

The District Court reviewed the Arbitrator's finding and concluded, in light of the extremely deferential standard of review, that:

> this Court will not vacate or modify the Opinion and Award of the arbitrator with regard to spoliation. The Court finds that there is no evidence that the decision of arbitrator Breen was procured by corruption, fraud, or undue means. Nor is there is [sic] evidence that arbitrator Breen "manifestly disregarded" the law in applying the adverse inference while still finding that PPG did not unlawfully discriminate against plaintiff.

App. 50.

Notwithstanding Jones's attempt to characterize the "missing" evidence as crucial, and his claim that the Arbitrator's unwillingness to credit this aspect of his case evidences a "manifest disregard of the law," we find ourselves in agreement with the District Court. The only evidence clearly missing, and lost by PPG, was the investigatory file, as to which the Arbitrator gave an inference in Jones's favor. There is no support for a finding

5

of disregard for the law, let alone corruption, fraud or misconduct, by the Arbitrator.

Moreover, Jones fails to mention, let alone discuss, the evidence that *was* adduced over nine days of testimony over several months, where witnesses, including Jones, introduced evidence as to various events, with the Arbitrator conducting the proceedings and judging their credibility. The Arbitrator expressed no doubt as to his ultimate conclusion, and Jones's attempt to undermine that conclusion falls short where he levels no attack whatsoever on the conclusion as it resulted from the evidence that *was* adduced at the hearing. The fact that the Arbitrator credited the evidence before him and found it not diminished or diluted by the adverse inference, does not constitute a basis to vacate the award as a matter of law under the limited parameters of a court's ability to do so under the FAA.

Accordingly, we will affirm the order of the District Court confirming the arbitration award.